UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KAWRAN BAZAR INC. and
MOHAMMAD ELIAS KHAN,

                              Plaintiffs,

-against-

UNITED STATES OF AMERICA and
SECRETARY TOM VILSACK,

                              Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**15-CV-6109 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Kawran Bazar Inc. and Mohammad Elias Khan initiated this action against Defendants the United States of America and Tom Vilsack, Secretary of Agriculture, seeking judicial review of sanctions imposed on Kawran Bazar under the Supplemental Nutrition Assistance Program ("SNAP"). (See Compl. (Dkt. 1).) Before the court is Defendants' Motion for Summary Judgment (the "Motion"). (Defs.' Mot. for Summ. J. (Dkt. 13).) For the reasons stated below, the Motion is GRANTED.

## I. BACKGROUND

### A. The Parties' Statements of Undisputed Facts

The facts in this opinion are drawn, where possible, from the parties' statements of undisputed facts pursuant to Local Rule 56.1, as aggregated in the Consolidated 56.1 Statement prepared by Defendants. (See Defs.' Local Civ. R. 56.1 Reply Statement ("Consol. 56.1") (Dkt. 21-1); see also Defs.' Local Civ. R. 56.1 Statement (Dkt. 13-2); Pls.' R. 56.1 Statement (Dkt. 13-1).) See also Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks and citations omitted) (The court "is not required to consider what the parties

fail to point out in their Local Rule 56.1 statements."). Citations to the administrative record are omitted throughout this opinion.

Plaintiffs' 56.1 Statement failed to "include a correspondingly numbered paragraph responding to each numbered paragraph" in Defendants' statement, as required by Local Civil Rule 56.1(b). "To the extent the facts in defendants' Rule 56.1 statement are not directly addressed by [Plaintiff], they are deemed undisputed for the purpose of the summary judgment motion." Petrucelli v. Hasty, 605 F. Supp. 2d 410, 418 (E.D.N.Y. 2009); see also Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003); Local Civ. R. 56.1(c). This opinion relies on the 56.1 statements only for such undisputed facts; the court does not cite to the 56.1 statements for any facts that were contested by the opposing party.

### B. The SNAP and WIC Programs

Kawran Bazar is a grocery store that was formerly enrolled in two federal nutrition assistance programs: SNAP and the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC"). (Consol. 56.1 at 3 ¶¶ 1-2.) SNAP, formerly known as the "food stamp" program, provides financial assistance to low-income families for purchases at participating retail food stores. See generally 7 U.S.C. Ch. 51. SNAP falls under the authority of the United States Department of Agriculture ("USDA"), and is administered by the Food and Nutrition Service ("FNS"). 7 C.F.R. § 271.3. WIC is a similar program that provides "supplemental foods and nutrition education" to infants, children, and "pregnant, postpartum, and breastfeeding women . . . from low-income families." 42 U.S.C. § 1786. WIC is funded by USDA, but operated by a designated agency in each state. Id. § 1786(f). New York's WIC program is administered by the New York State Department of Health ("NYSDOH"). (Consol. 56.1 at 4 ¶ 4.)

SNAP regulations provide for mandatory disqualification of any vendor that has been disqualified from WIC for violating WIC program rules, such as by "charging WIC customers more than the current shelf price" for a given item. 7 C.F.R. §§ 278.6(e)(8), (e)(8)(i)(E). A reciprocal SNAP disqualification "[s]hall be for the same length of time as the [underlying] WIC disqualification," and "[s]hall not be subject to administrative or judicial review." Id. § 278.6(e)(8)(iii); see also 7 U.S.C. § 2021(g)(2). SNAP regulations also establish a discretionary "hardship" exception, however:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

7 C.F.R. § 278.6(f)(1).

### C. Factual Allegations and Procedural History

#### 1. Kawran Bazar's Disqualification from WIC

Kawran Bazar was disqualified from WIC in 2012. (Consol. 56.1 at 3 ¶ 2.) In the years prior to disqualification, NYSDOH imposed civil monetary penalties on Kawran on two separate occasions based on "a pattern of violations of WIC requirements." (Id. at 4 ¶¶ 4-5.) Then, in 2012, NYSDOH sent Kawran Bazar a letter (the "WIC Letter") stating that Kawran Bazar "would be disqualified from WIC for a period of six years due to a third violation, as required by the applicable WIC regulations . . . based on a pattern of redeeming WIC checks for amounts greater than the true purchase price." (Id. ¶¶ 6-7.) The WIC Letter notified Kawran Bazar of its right to seek administrative review, and also warned that WIC disqualification may result in reciprocal disqualification from SNAP "without the opportunity for a separate administrative or judicial review." (Id. at 5 ¶¶ 8-9.) After administrative review proceedings, during which

3

Kawran Bazar was represented by counsel, NYSDOH sustained Kawran Bazar's disqualification from WIC. (Id. at 5 ¶ 10 to 6 ¶ 15.)

### 2. Kawran Bazar's Reciprocal Disqualification from SNAP

In July 2015, FNS sent Kawran Bazar a letter (the "Charge Letter") stating that, "based on the store's WIC disqualification, the agency was considering disqualifying Kawran from SNAP." (Id. at 6 ¶ 16.) The Charge Letter notified Kawran Bazar of its right to reply to the charges, but Kawran did not submit a reply. (Id. ¶¶ 17-18.) On August 13, 2015, FNS sent Kawran Bazar a second letter (the "Determination Letter") stating that Kawran "would be disqualified from SNAP for a six-year period and that the decision was not subject to administrative review, in accordance with SNAP regulations." (Id. ¶ 19.) The Determination Letter explained "that FNS had considered whether Kawran was eligible for a 'hardship' [civil monetary penalty] in lieu of disqualification, but had determined it was not 'because there are other authorized retail stores in the area selling a variety of staple foods at comparable prices.'" (Id. at 7 ¶ 20 (quoting the Determination Letter).)

### 3. Kawran Bazar's Administrative Appeal of the SNAP Determination

Kawran Bazar, assisted by counsel, sought administrative review of FNS's decision to impose disqualification rather than civil monetary penalties. (Id. ¶¶ 22-23.) Kawran Bazar "conceded that it had violated WIC regulations" (id. ¶ 24), but argued that the hardship exception should apply. Kawran alleged that (1) it "sold ethnically assorted food staple items aimed at serving the Bangladeshi community and the Muslim community, including Halal meat" and Bangladeshi specialty items; (2) only "two other stores in the area [] offer one or the other of [those] staple products"; (3) both stores are substantially smaller and "have substantially higher prices than Kawran"; and (4) as a result, disqualifying Kawran would cause "the community [to]

4

suffer since the other stores in the area will now be able to raise their prices given the decline in competition." (Id. ¶ 23.)

FNS "permitted Kawran the opportunity to submit evidence" to substantiate the allegations made in its appeal, but Kawran submitted no such evidence. (Id. at 8 ¶¶ 25-26.) On September 25, 2015, FNS issued a final decision (the "Final Agency Decision") finding that "Kawran did not qualify" for the hardship exception and sustaining the six-year SNAP disqualification. (Id. ¶ 27.) "The administrative review officer determined that 'there are at least 16 authorized, redeeming stores within a one mile radius of [Kawran] that stock as large [a] variety of staple foods at comparable prices,'" and "noted that [Kawran's counsel] 'provided no evidence of lower prices at [Kawran].'" (Id. ¶¶ 28-29 (quoting the Final Agency Decision).)

### 4. The Present Action

Kawran Bazar and its current owner, Mohammad Elias Khan (see Compl. ¶ 1), brought this action pursuant to 7 U.S.C. § 2023(a), which establishes a private right of action for a retail food store that "feels aggrieved" by a financial administrative determination under SNAP. This action was timely initiated on October 25, 2015. See id. § 2023(a)(13) (requiring that a private suit be initiated "within thirty days after the date of delivery or service of the final notice of determination").

Plaintiffs do not challenge the mandatory reciprocal SNAP disqualification, which is insulated from judicial review. 7 C.F.R. § 278.6(e)(8)(iii); 7 U.S.C. § 2021(g)(2). Plaintiffs "only seek to challenge [Defendants'] determination that [Plaintiffs] were not eligible for a civil monetary penalty [] in lieu of disqualification." (Pls.' Mem. in Opp'n (Dkt. 12) at ECF p.5.) Defendants have moved for summary judgment. (Defs.' Mot. for Summ. J. at 10.)

5

## II. DISCUSSION

### A. Legal Standards

#### 1. Judicial Review of FNS Administrative Sanctions

Plaintiffs are entitled to "de novo" review of "the validity of the questioned administrative action." 7 U.S.C. § 2023(a)(15). "The standard of review for the imposition of a [SNAP] sanction," including a refusal to apply the hardship exception, "is a determination [of] whether [FNS's] action was arbitrary or capricious, i.e., whether it was unwarranted in law or without justification in fact." El Tepeyac Grocery, Inc. v. United States, 515 F. App'x 55, 56 (2d Cir. 2013) (summary order) (internal alterations omitted) (quoting Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir. 1981)). "It is well-settled that 'if the agency has followed its guidelines[,] the reviewing court may not overturn the decision as arbitrary and capricious.'" 109 Merrick Deli Corp. v. United States, No. 11-CV-977 (SLT) (RER), 2014 WL 6891944, at *5 (E.D.N.Y. Sept. 30, 2014) (internal alterations omitted) (quoting Guzman v. U.S. Dep't of Agric. Food & Nutrition Serv., 931 F. Supp. 2d 488, 494 (S.D.N.Y. 2013)).

The SNAP statute is silent as to the burden of proof on judicial review, and the Second Circuit has yet to address the issue. However, "other circuits have held consistently that, given the nature of the statutory scheme," the burden of proof falls on "a store owner who seeks to set aside an agency action." Saleh v. U.S., Dep't of Agric. Food & Nutrition Servs., No. 13-CV-4095 (ERK) (RLM), 2014 WL 4905456, at *3 (E.D.N.Y. Sept. 30, 2014) (quoting Fells v. United States, 627 F.3d 1250, 1253 (7th Cir. 2010), and collecting cases). This court finds those cases persuasive, and will follow the circuit consensus by placing the burden on Plaintiffs to show that the agency acted arbitrarily or capriciously.

6

2. Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." Figueroa v. Mazza, 825 F.3d 89, 98 (2d Cir. 2016) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

"In making this determination, the Court 'must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y., 822 F.3d 620, 631 n.12 (2d Cir. 2016) (quoting Beyer v. Cty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008)). "Conclusory allegations, conjecture, and speculation," however, "are insufficient to create a genuine issue of fact." Joseph v. N. Shore Univ. Hosp., 473 F. App'x 34, 36 (2d Cir. 2012) (summary order) (quoting Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003)). If "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the movant is entitled to summary judgment. El-Nahal v. Yassky, 835 F.3d 248, 252 (2d Cir. 2016) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

B. Analysis

Plaintiffs bear the burden of showing that FNS acted arbitrarily or capriciously when it declined to impose civil monetary penalties in lieu of a six-year disqualification from SNAP. The court finds that Plaintiffs have failed to satisfy that burden, even with all reasonable inferences drawn in their favor. As a preliminary matter, Plaintiffs base their claim on an invalid interpretation of what counts as a "staple food item" under the SNAP regulations. After defining

7

the correct governing standard, the court finds that the administrative record amply supports FNS's determination. Summary judgment must therefore be granted in favor of Defendants.[1]

### 1. The Definition of "Staple Food Items"

Plaintiffs' filings before this court echo their arguments in the administrative proceedings. As before, they argue that only two other stores in their neighborhood offer halal meat or Bangladeshi staples, and that both stores are substantially smaller and more expensive than Kawran Bazar. (Pls.' Mem. in Opp'n at ECF pp.11-13.) Plaintiffs contend that FNS erred in failing to consider these "ethnically specific assorted food staple items aimed at serving the Bangladeshi community and the Muslim community." (Id. at ECF p.11.)

Plaintiffs' argument relies on the implicit premise that halal meat and Bangladeshi specialty items constitute SNAP "staple food items." Plaintiffs offer no supporting legal authority, however. The relevant regulation defines "staple food" as "those food items intended for home preparation and consumption in each of the following food categories: meat, poultry, or fish; bread or cereals; vegetables or fruits; and dairy products." 7 C.F.R. § 271.2. On its face, this language supports Defendants' claim that "the regulations do not require that the staple food items at the [comparison] stores meet any ethnic or religious specifications." (Defs.' Reply (Dkt. 21) at 6.) See also King v. Burwell, — U.S. —, 135 S. Ct. 2480, 2489 (2015) ("If the statutory language is plain, we must enforce it according to its terms.").

---

[1] Because the court resolves the case on these grounds, the court need not reach Defendants' additional argument based on the discretionary nature of the hardship exception. It appears that, even in cases where FNS finds clear evidence that disqualifying a particular vendor would cause hardship to the local community, FNS is under no obligation to impose a civil monetary penalty rather than disqualification. See 7 C.F.R. § 278.6(f)(1) (providing that "FNS may impose" a penalty "in lieu of disqualification" (emphasis added)); see also, e.g., Makey Deli Grocery Inc. v. United States, 873 F. Supp. 2d 516, 523 (S.D.N.Y. 2012) ("[E]ven where hardship criteria are met, imposition of the monetary penalty in lieu of disqualification is discretionary with FNS."). In this instance, however, FNS explicitly stated that the hardship exception did not apply to Kawran Bazar. (Consol. 56.1 at 8 ¶¶ 27-29.) The court therefore begins—and ends—its analysis by determining that FNS's decision, as articulated by the agency itself, was neither "unwarranted in law or without justification in fact." El Tepeyac Grocery, 515 F. App'x at 56 (citation omitted).

Moreover, Defendants' position is consistent with FNS's own interpretations of SNAP regulations. Notably, the Comparison Store Visit Report form includes multiple subcategories within each staple group—the "meat" subcategories, for example, include beef/veal, lamb/mutton/goat, and pork—but the form does not include data fields for dietary restrictions or preferences associated with particular ethnic or religious groups. (See, e.g., Comparison Store Visit Reps., Admin. R. (Dkts. 15-19) at 7-222.) This omission is conspicuous: FNS apparently did not expect to compare stores against each other based on whether they offer halal meat or cuisine-specific specialty items. Also telling is a 1991 notice of proposed rulemaking in which FNS considered amending "the criteria used in evaluating hardship" to add "special services that are provided by the store," such as "ethnic foods or language skills not available at other area stores." Food Stamp Program: Retailer/Wholesaler Changes, 56 Fed. Reg. 12,857, 12,861 (Mar. 28, 1991). That proposal was never implemented. Evidently, FNS was aware that particular demographic groups might be best served if the regulations acknowledged additional dietary classifications beyond the "staple" categories. Nonetheless, FNS declined to formally codify any such classifications in the "hardship" analysis.

Taken together with the plain regulatory text, these factors support a finding that halal meats and Bangladeshi specialty items are not considered "staples" under the SNAP program. See Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120 (2000) (holding that the Food and Drug Administration was not authorized to regulate tobacco products based, in part, on the agency's own longstanding interpretation of existing statutes, as well as Congress's rejection of legislation that would have explicitly provided such authority). In addition, a decision concordant with an agency's longstanding policy weighs against a finding that the

9

agency's legal interpretation was arbitrary or capricious. See, e.g., 109 Merrick Deli, 2014 WL 6891944, at *5.

2. Evidentiary Support in the Administrative Record

Having determined that halal meats and Bangaldeshi specialty items are not considered SNAP "staples," the court finds that FNS's decision is amply supported by the evidence in the administrative record. The court notes that at no stage of the proceedings have Plaintiffs submitted any evidence of their own, such as documentary evidence of the prices or locations of comparison stores. The court turns, therefore, to the evidence adduced by Defendants in support of their disqualification decision.

FNS sustained its disqualification decision based on a finding that there are "at least 16 authorized [SNAP vendors] within a one mile radius of [Kawran Bazar] that stock as large [a] variety of staple foods at comparable prices." (Id. ¶ 28 (quoting the Final Agency Decision).) Plaintiffs protest that the administrative record only includes full Comparison Store Visit Reports for eight of the 16 local stores, and that some of these reports were "stale" because they were completed long before Kawran's case came up for administrative review. (Pls.' Mem. in Opp'n at 11-12.) Defendants respond that five of the eight Comparison Store Visit Reports were collected in July 2013 or later, placing them within approximately two years of the Final Agency Decision. (Defs.' Reply at 4.) All five of these stores "offered staple food products comparable to Plaintiffs' store." (Id.) Those reports alone provide a sufficient basis for FNS's decision against applying the hardship exception, which requires a finding that "there is no other authorized retail food store in the area selling as large a variety of staple food items." 7 C.F.R. § 278.6(f)(1) (emphasis added).

In sum, the court finds that Plaintiffs have failed to satisfy their burden of showing that FNS's decision was "unwarranted in law or without justification in fact." El Tepeyac Grocery, 515 F. App'x at 56 (citation omitted). Therefore, Defendants are entitled to summary judgment.

## III. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (Dkt. 13) is GRANTED. This order disposes of all claims in the Complaint. Therefore, the Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 12, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge